Patrick M. Flatley
United States Bankruptcy Judge

Dated: Thursday, August 28, 2014 8:58:13 AM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN C. SCOTCHEL and | ) | |
| HELEN H. SCOTCHEL, | ) | Case No. 12-09 |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |

## MEMORANDUM OPINION

Martin P. Sheehan, the Chapter 7 trustee appointed to administer the Debtors' bankruptcy estate, seeks to disallow Mr. Scotchel's claimed exemption of $18,780 in what Mr. Scotchel refers to on his amended Schedule C as the "Falls Attorney Fee".[1] Mr. Scotchel asserts that the court should overrule Mr. Sheehan's objection because he has failed to establish grounds upon which the court can disallow the amended claim of exemption in the Falls Attorney Fee, and because the Bankruptcy Code and Federal Rules of Bankruptcy Procedure allow him to amend his exemptions at any time before the closing of the case.

For the reasons stated herein, the court will overrule Mr. Sheehan's objection to Mr. Scotchel's amended claim of exemption in the Falls Attorney Fee.

## I. BACKGROUND

On January 5, 2012, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. They subsequently filed their schedules, listing on Schedule B personal property in which they possessed an ownership interest and exempting some of that property on Schedule C. Among the property initially scheduled by Mr. Scotchel, and in which he claimed an exemption of $1.00, was his

---

[1] Although both Debtors filed the amended claim of exemptions, the court will treat it, for the sake of simplicity, as being filed by only Mr. Scotchel because his amended claim of exemption in the Falls Attorney Fee is the only claim to which Mr. Sheehan objects.

1

interest in "Contingent Fee Agreements related to the legal practice of John Charles Scotchel, Jr." On February 27, 2012, Mr. Sheehan, relying on the Supreme Court's holding in *Schwab v. Reilly*, 560 U.S. 770 (2010), first objected to the Debtors' claimed exemptions, including Mr. Scotchel's attempt to claim as exempt 100% of the fair market value of his contingent fee agreements. In response to Mr. Sheehan's objection, Mr. Scotchel noted that he received $690,000 postpetition pursuant to one of his contingent fee agreements and deposited the fee award (the "Falls Attorney Fee") with Mr. Sheehan. Mr. Scotchel asserted that the Falls Attorney Fee was either fully exempt based on the nature of his claimed exemption and Mr. Sheehan's limited objection thereto, or was not property of the estate based on his assertion that "a significant portion of his fee was earned post petition based on the timing of the settlement." Mr. Scotchel's response essentially changed the nature of the dispute between him and Mr. Sheehan as it related to the claimed exemption in the Falls Attorney Fee — that he claimed 100% of it exempt and that, if his claimed exemption was found to be ineffective in that regard, it was not an asset of his bankruptcy estate.[2]

On May 3, 2012, the court convened a telephonic preliminary hearing regarding, among other things, Mr. Sheehan's objection to the Debtors' claimed exemptions. After receiving post-hearing briefing, the court issued its October 16, 2012 order that sustained Mr. Sheehan's objection to the Debtors' original claim of exemptions "insofar that the Debtors may not exempt 100% of the [fair market value]" of certain property, including "Contingent Fee Agreements related to the legal practice of John Charles Scotchel, Jr."[3] The court, however, set an evidentiary hearing to consider whether any portion of the Falls Attorney Fee, in light of Mr. Scotchel's ineffective exemption thereof, was property of the bankruptcy estate. On April 26, 2013, the court entered its memorandum opinion and

---

[2] Interestingly, the Debtors twice amended their claimed exemptions — once on April 20, 2012, and again on April 30, 2012 — after Mr. Sheehan first objected to their claimed exemptions. Both amendments removed any claimed exemption in "Contingent Fee Agreements related to the legal practice of John Charles Scotchel, Jr.," although the agreements were still listed on the Debtors' Schedule B as an asset of their bankruptcy estate. Nonetheless, the parties persisted in litigating whether Mr. Scotchel's initial claim of exemption in the "Contingent Fee Agreements related to the legal practice of John Charles Scotchel, Jr." effectively exempted 100% of the fair market value thereof.

[3] It became apparent postpetition that the only contingent fee agreement over which there was contention was that which produced the Falls Attorney Fee.

2

order finding that the Falls Attorney Fee was property of Mr. Scotchel's bankruptcy estate and subject to administration by Mr. Sheehan. Mr. Scotchel, *pro se*, appealed the court's determination in that regard but did not immediately act to stay the effect of the court's April 26 order. On June 7, 2013, Mr. Scotchel moved the court to stay the effect of its April 26 order pending the appeal. After conducting a hearing via video conference, the court denied the motion by order dated June 21, 2013. The court, however, stayed the effect of its denial of Mr. Scotchel's motion for twenty-one days so that he could seek a stay from the district court.

On July 2, 2013, Mr. Sheehan sought court authorization to make an interim distribution of $341,081.63, which included a 21% payout to certain unsecured creditors. Mr. Scotchel objected, and the court convened a telephonic hearing on August 1, 2013, to consider Mr. Sheehan's request. On August 2, 2013, the court entered two orders: (1) an order authorizing Mr. Sheehan to make an interim distribution totaling $313,354.62;[4] and (2) an order staying the authorized distribution upon certain conditions — one of those being that Mr. Sheehan could not distribute the money until the district court disposed of Mr. Scotchel's motion seeking a stay on appeal. On March 3, 2014, the district court entered a memorandum opinion and order affirming this court's April 26, 2013 determination that the Falls Attorney Fee was property of the bankruptcy estate. The district court's March 3 order also denied Mr. Scotchel's motion to stay pending appeal and dissolved any stay then existing. Mr. Sheehan made the pre-approved interim distribution almost immediately thereafter. On April 15, 2014, the Debtors amended their Schedule B and C such that Mr. Scotchel now claims as exempt $18,780 of the Falls Attorney Fee by virtue of a previously unused portion of his exemption available under W. Va. Code. § 38-10-4(e) (the "Wildcard" exemption). That amendment precipitated the extant objection of Mr. Sheehan.

## II. DISCUSSION

Mr. Sheehan asserts that the court should disallow Mr. Scotchel's claimed exemptions, as amended on April 15, 2013, based upon: (A) res judicata and (B) equitable considerations of bad faith and prejudice to creditors.

### A. Res judicata

---

[4] The court's order authorizing Mr. Sheehan's interim distribution, which Mr. Sheehan prepared, modified the amount of the proposed distribution to account for necessary downward adjustments set forth therein.

3

Mr. Sheehan urges the court to disallow Mr. Scotchel's amended claim of exemptions, at least his claimed exemption of $18,780 in the Falls Attorney Fee, based upon res judicata. More specifically, he asserts that the court, in its October 16, 2012 order affirming his objection to the Debtors' then-claimed exemptions, decided the extent of Mr. Scotchel's claimed exemption in the Falls Attorney Fee to be $1.00. Mr. Sheehan contends that because Mr. Scotchel never challenged the court's finding regarding the effect of his previously-claimed exemption of $1.00 in the Falls Attorney Fee, that finding is entitled to res judicata effect thus limiting the exemption to $1.00. Mr. Scotchel assert that res judicata does not bar his amended claim of exemption because the extent of his claimed exemption in the Falls Attorney Fee was not set by the court's October 16, 2012 order. According to Mr. Scotchel, because the court's October 16 order merely sustained Mr. Sheehan's objection to the then-claimed exemptions regarding the effect thereof, it left unresolved the value of claimed exemptions going forward in the case.

Res judicata, a generic term for claim preclusion, is a common-law doctrine whereby "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). It applies to disputes surrounding objections to a debtor's claimed exemptions. *See In re Romano*, 378 B.R. 454, 464 (Bankr. E.D. Pa. 2007) ("Whenever . . . there has been a final, non-appealed ruling sustaining the trustee's objection, all of the elements of claim preclusion have been established, and so the debtor cannot later amend her exemptions to relitigate that issue[.]"). Importantly, however, "res judicata . . . will not preclude a debtor from filing amended exemptions under Rule 1009(a)[] unless a final order denying an exemption claim for the same asset has previously been entered." *Id*.

Here, the court agrees with the Mr. Scotchel that res judicata does not preclude his amended claim of exemption in the Falls Attorney Fee. In this case, the court did not enter a final order denying Mr. Schotchel's claimed exemption in the Falls Attorney Fee, fixing the amount of his claimed exemption therein, or prohibiting Mr. Scotchel from amending his claimed exemptions. The issue finally resolved by the court in its October 16, 2012 order was whether Mr. Scotchel's claimed exemption of $1.00 in the Falls Attorney Fee effectively fully exempted the contingent fee award from being property of the bankruptcy estate. Although the court sustained Mr. Sheehan's objection in that regard, it did not finally resolve, for the duration of this case, the allowance or value of Mr. Scotchel's

4

claimed exemption in the Falls Attorney Fee.  Rather, the court ordered "that the Trustee's Objection to Claim of Exemptions . . . is SUSTAINED insofar that the Debtors may not exempt 100% of the FMV of the Properties."  Document No. 113 at 6 n.3 (Oct. 16, 2012).  In fact, the October 16 order contemplates that Mr. Scotchel could thereafter amend his claimed exemption in the Falls money. *See Id*. at 3 n.3 ("Only with respect to the Properties, the court will permit the Debtors to amend their claimed exemptions").  Consequently, res judicata does not bar Mr. Scotchel from amending his claimed exemption in the Falls Attorney Fee.[5]

**B.  Equitable considerations: Bad Faith and Prejudice to Creditors**

Mr. Sheehan asserts that the court should disallow Mr. Scotchel's amended claim of exemption in the Falls Attorney Fee because he allegedly claimed it in bad faith, and allowing the amendment will prejudice creditors of the bankruptcy estate, including administrative expense creditors.  Mr. Scotchel asserts, among other things, that even if bad faith and prejudice to creditors existed, *Law v. Siegel*, 134 S. Ct. 1188 (2014) specifically allows him to amend his claimed exemption in the Falls Attorney Fee.

By rule, a debtor may amend a claim of exemptions at any time before a case is closed.  Fed. R. Bankr. P. 1009(a).  Historically, courts have generally been without the power, except in certain circumstances, to disallow a debtor's amended exemptions.  *See Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 978 (4th Cir. 1984) ("[A] court ordinarily does not have discretion to deny leave to amend or to require a showing of good cause.").  But they have recognized their discretion to deny amended exemptions when a debtor has engaged in bad faith or the amendment would result prejudice to creditors.  *Id*. (citing with approval *In re Doan*, 672 F. 2d 831, 833 (11th Cir. 1982)); *In re Agee*, 456 B.R. 740, 740 (Bankr. M.D.N.C. 2011) (citation omitted) ("Nevertheless, as recognized in *Tignor*, exceptional circumstances such as bad faith on the part of a debtor or prejudice to the trustee or creditors may prevent the debtor in bankruptcy from amended the petition or schedules.").

---

[5]  To the extent that Mr. Sheehan argues that Mr. Scotchel's litigation conduct supports a finding of res judicata, or that Mr. Scotchel somehow waived his ability to amend his claimed exemptions, the court is similarly unpersuaded.  Mr. Scotchel had no reason to challenge the court's determination regarding the effect of his claimed exemption of $1.00 in the Falls Attorney Fee because the court left open the possibility of an amendment and Mr. Scotchel changed the theory upon which he sought to prevent the Falls Attorney Fee from being property of his bankruptcy estate.

5

Here, Mr. Sheehan asserts that exceptional circumstances exist such that the court should exercise its equitable powers to disallow Mr. Scotchel's amended claim of exemption in the Falls Attorney Fee. He contends that Mr. Scotchel has engaged in bad faith conduct throughout this case and in connection with his amended claim of exemption in the Falls Attorney Fee. He also contends that Mr. Scotchel's amended exemption in the Falls Attorney Fee prejudices creditors or the bankruptcy estate because he relied on Mr. Scotchel's previously-claimed exemption when making his interim distribution in March 2014. The law regarding exemptions supported Mr. Sheehan's argument throughout much of the litigation surrounding the Falls Attorney Fee. On March 4, 2014, however, the Supreme Court of the United States issued its opinion in *Law v. Seigel*, wherein it held that a bankruptcy court may not exercise its equitable powers "to contravene express provisions of the Bankruptcy Code by ordering that the debtor's exempt property be used to pay debts and expenses for which that property is not liable under the Code." 134 S. Ct. at 1198. The trustee in *Law*, in attempting to surcharge the debtor's homestead exemption, argued that a handful of courts have disallowed an exemption, or an amendment thereof, based on a debtor's fraudulent concealment of the asset alleged to be exempt. *Id*. at 1196. The Supreme Court found that "the Bankruptcy Code admits no such power." *Id*.

Although Mr. Sheehan attempted through oral argument to distinguish *Law* from the facts of this case and urged the court to construe it narrowly, the emerging view of courts interpreting *Law* have held that courts no longer have the discretion to deny an amended exemption based upon equitable considerations such as a debtor's bad faith or prejudice to creditors. *See Ellman v. Baker (In re Baker)*, No. 14-cv-11924, 2014 WL 4055218, at *3 (E.D. Mich. Aug. 8, 2014) (recognizing the Supreme Court's rejection of the use of equitable powers to disallow an exemption or amendment thereto); *In re Pipkins*, Case No. 13-30087DM, 2014 WL 2756552, at *7 (Bankr. N.D.Cal. June 17, 2014) ("In *Law v. Siegel*, however, the Supreme Court held that the court cannot disallow an exemption or prevent the amendment of an exemption on equitable grounds if the exemption satisfies the statutory requisites."); *In re Gutierrez*, No. 12-60444, 2014 WL 2712503, at *6 (Bankr. E.D.Cal. June 12, 2014) ("Therefore, based on *Law*, the court must conclude that established case law . . . [that] permits a bankruptcy court to disallow an amended claim of exemption based on bad faith and prejudice[] is no longer valid."); *In re Franklin*, 506 B.R. 765, 771 (Bankr. C.D.Ill. 2014) ("The Court disavowed the long-standing non-statutory basis for disallowing an exemption where a debtor

6

fraudulently conceals an exempt asset, determining that courts do not have a general equitable power to deny exemptions based on a debtor's bad faith conduct."). The court finds the analysis and conclusions reached by those courts to be sound and persuasive and thus will follow in their footsteps. In fact, *Baker*, *Gutierrez*, and *Franklin* each recognize the Supreme Court's explicit abrogation of the holding in *Doan* and other cases like it. *In re Baker* 2014 WL 4055218, at *3; *In re Gutierrez*, 2014 WL 2712503, at *6 n.9; *In re Franklin*, 506 B.R. at 771 n.3. Because the Fourth Circuit in *Tignor* cited *Doan* with approval in acknowledging the court's discretion to use its equitable power to prohibit a debtor from amending his exemptions when there is evidence of the debtor's bad faith or prejudice to creditors, the court finds that *Law* similarly abrogated *Tignor*. Consequently, the court cannot exercise its equitable powers to disallow Mr. Scotchel's amended claim of exemption in the Falls Attorney Fee.[6]

### III. CONCLUSION

Based on the foregoing, the court will enter a separate order overruling Mr. Sheehan's objection to Mr. Scotchel's amended claim of exemption in the Falls Attorney Fee. To the extent Mr. Sheehan also seeks sanctions against Mr. Scotchel in conjunction with his objection to Mr. Scotchel's amended claim of exemptions, the court discerns no basis for his request other than his reliance on authority that heretofore permitted the court to disallow an exemption based on bad faith conduct or prejudice to creditors. Based on the court's analysis herein, it will likewise deny, without prejudice, Mr. Sheehan's request for sanctions.

---

[6] Notably, the Supreme Court in *Law* indicated that a debtor employing a state-created exemption may be precluded by state law from claiming or amending an exemption if the state law provided for such prohibition in certain contexts involving debtor misconduct. *See Law*, 134 S. Ct. at 1196-97 (citation omitted) ("It is true of course that when a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provided that certain types of debtor misconduct warrant denial of the exemption."). The court inquired of Mr. Sheehan at oral argument whether he was aware of any state-law prohibition that would apply here. He was not, and neither is the court. The court thus has no basis upon which to disallow Mr. Scotchel's amended claim of exemption in the Falls Attorney Fee.

7